# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Patrick Ingles**, individually and on behalf of other similarly situated individuals, | Court File No. 25-CV-4582<br>Type: Employment/Class Action |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| **Federal Express Corporation**; and | |
| **FedEx Ground Package System, Inc.**, | |
| Defendants. | |

## INTRODUCTION

1. Employers in Minnesota must pay their employees for all hours worked, which includes any time when the employee must either be on the premises of the employer or involved in the performance of duties in connection with their employment.

2. Defendants Federal Express Corporation and FedEx Ground Package System, Inc. regularly require Plaintiff Patrick Ingles and similarly situated hourly, non-exempt workers employed in Minnesota (the "Class Members," as further defined herein) to perform unpaid work.

3. At the beginning of each shift, Defendants require Plaintiff and the Class Members to enter the premises at a single location (either an external guard shack or the main employee entrance), walk to and undergo a mandatory inbound security screening, and then walk to a timeclock located within a massive warehouse—all before punching in.

4. At the end of each shift, Defendants require Plaintiff and the Class Members to punch out at a timeclock, walk back to the security area, and submit to a mandatory outbound security screening before they are allowed to leave the premises through the same single location at which they entered.

5. Due to the size of Defendants' warehouses, Plaintiff and the Class Members spend meaningful time each day before and after their paid shifts complying with Defendants' security screening procedures and walking to and from the timeclocks.

6. As a result of these policies and practices, which are enforced at each of Defendants' Minnesota facilities, Defendants have retained hundreds of thousands of dollars in unpaid straight-time wages owed to Plaintiff and the Class Members.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d), because: (i) minimal diversity exists, as at least one member of the proposed Class is a citizen of a state different from at least one Defendant; (ii) the proposed Class contains more than 100 Class Members; and (iii) upon information and belief, the aggregate amount in controversy exceeds $5 million.

8. The Court has personal jurisdiction over Defendants because they regularly do business throughout the State of Minnesota.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, nearly all Members of the proposed Class reside in this District, Defendants conduct business throughout this District, and the unlawful conduct described herein occurred in this District.

## PARTIES

10. Defendant Federal Express Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business in Memphis, Shelby County, Tennessee. Federal Express Corporation regularly conducts business throughout the State of Minnesota.

11. Defendant FedEx Ground Package System, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Moon Township, Allegheny County, Pennsylvania. FedEx Ground Package System, Inc. regularly conducts business throughout the State of Minnesota.

12. Effective June 1, 2024, Federal Express Corporation became the successor by merger to FedEx Ground Package System, Inc.[1]

13. Plaintiff Patrick Ingles is an individual who is a citizen and domiciliary of Monticello, Wright County, Minnesota. Since February 2022, he has worked for Defendants as an hourly, non-exempt Package Handler.

14. Defendants have jointly employed Plaintiff and the Class Members within the meaning contemplated by Minn. Stat. §§ 181.171, subd. 4, and 177.23, subp. 6–7.

## LEGAL PRINCIPLES

15. "Hours worked include[s] … any [] time when the employee must be either on the premises of the employer or involved in the performance of

---

[1] FEDEX CORPORATION, U.S. Securities and Exchange Commission Form 10-Q for the Quarter Ended Nov. 30, 2024, at 9 (filed Jan. 7, 2025), https://s21.q4cdn.com/665674268/files/doc_financials/2025/q2/1f3ac603-1839-4c15-8875-dcbcd2494084.pdf (last visited Dec. 10, 2025).

duties in connection with his or her employment[.]" Minn. R. 5200.0120, subp. 1.

16. The time hourly workers must be "on the premises" to undergo security screenings and to walk to and from the timeclocks is compensable as "hours worked." Id.; see Deutsch v. My Pillow, Inc., No. 20-CV-318-SRN/ECW, 2023 WL 3125549, at *25–27 (D. Minn. Apr. 27, 2023) (relying on "hours worked" definition to determine whether call center violated the Minnesota Payment of Wages Act ("MPWA")); cf. In re Amazon.com, Inc., 255 A.3d 191, 203–04 (Pa. 2021) (time Amazon required its employees to spend undergoing post-shift security screenings was compensable because it was time the employer required them to "be on the premises"); Vaccaro v. Amazon.com.dedc, LLC, No. 18-CV-11852-GC/TJB, 2024 WL 4615762, at *14–17 (D.N.J. Oct. 30, 2024), reconsideration denied, No. 18-CV-11852-GC/TJB, 2025 WL 974660 (D.N.J. Apr. 1, 2025) (denying summary judgment on claims for time spent undergoing mandatory security screenings); Farrell v. FedEx Ground Package Sys., Inc., 478 F. Supp. 3d 536, 543–45 (D.N.J. 2020) (denying motion to dismiss pre- and post-shift security-screening claims under New Jersey law); Johnson v. Walgreen Eastern Co., No. 3:23-CV-00743 (JCH), ECF No. 59, at 7–8 (D. Conn. Mar. 28, 2024) (holding that the plain language of Connecticut's hours-worked statute requires compensation

for all time employees are required to be on the premises).

## FACTUAL BACKGROUND

17. Plaintiff incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if set forth herein and throughout.

18. Defendants own and operate approximately eleven (11) large warehouses throughout Minnesota, including those located at:

    a. 2401 Cram Ave SE, Bemidji, MN;

    b. 1730 Energy Dr, Mankato, MN;

    c. 2825 Cargo Road, Minneapolis, MN;

    d. 19705 Rogers Drive, Rogers, MN;

    e. 14005 Driver Ave, Rosemount, MN;

    f. 2427 Henry Road NW, Stewartville, MN;

    g. 730 60th St S, Saint Cloud, MN;

    h. 7 Long Lake Road, Saint Paul, MN;

    i. 50 14th Street NW, Saint Paul, MN;

    j. 5800 12th Ave E, Shakopee, MN; and

    k. 3105 Trott Ave SW, Willmar, MN.

19. Throughout the period of the claim, Defendants have employed

thousands of hourly, non-exempt workers, including Plaintiff, at these warehouses in Minnesota.

20. Throughout the period of the claim, Defendants have required Plaintiff and the Class Members to enter the premises of each warehouse at a single employee entrance, either at an external guard shack or at the main entrance to the warehouse itself.

21. From there, Defendants require Plaintiff and the Class Members to walk to a security checkpoint where they must undergo a mandatory inbound security screening before they can proceed further into the building to where the timeclocks are located.

22. The purpose of the inbound security screening is to ensure the safety of Defendants' workers, customers, and vendors by confirming employees are not bringing weapons or other contraband into the workplace.

23. The time Plaintiff and the Class Members spend complying with inbound security screenings is time they are "involved in the performance of duties" connected with their employment. Defendants require completion of security screening to access the premises, clock in, and perform assigned duties, and they subject employees to discipline for attempting to bypass the inbound

security protocols.

24. After Plaintiff and the Class Members successfully complete the inbound security screening, Defendants require them to walk further within the warehouse to a timeclock in order to punch in for their shift.

25. The time Plaintiff and the Class Members necessarily spend walking to the timeclocks is time spent involved in the performance of duties connected with their employment. Without incurring that walking time, Plaintiff and the Class Members cannot complete the other duties Defendants hired them to perform.

26. Accordingly, Defendants have not paid Plaintiff or any of the Class Members for the time they have been required to be on the premises or involved in the performance of duties in connection with their employment before their paid shifts entering the premises, undergoing inbound security, and walking to the timeclocks.

27. Throughout the period of the claim, Defendants have required Plaintiff and Class Members to clock out at a timeclock located within the warehouse at the end of their paid shifts.

28. From there, Defendants require Plaintiff and the Class Members to

walk back to the security area to comply with Defendants' outbound security screening protocols before they are allowed to leave the premises.

29. The purpose of Defendants' outbound security screening is to deter and detect theft.

30. After Plaintiff and the Class Members complete the outbound security screening, Defendants require them to walk to the single entrance and leave the premises.

31. The time Plaintiff and the Class Members necessarily spend walking from the timeclocks to outbound security is time spent in the performance of duties in connection with their employment. Without incurring that walking time, Plaintiff and the Class Members cannot complete the mandatory outbound security screening and leave. Furthermore, Defendants subject employees to discipline for attempting to bypass the outbound screening protocols.

32. Accordingly, Defendants have not paid Plaintiff or the Class Members for the time they have been required to be on the premises or involved in the performance of duties in connection with their employment from when they clock out through when they complete outbound security and exit the building.

33. Additionally, the time Plaintiff and the Class Members spend before and after their paid shifts on Defendants' premises, going through security screenings and walking to and from the timeclocks is "work" time, because it is time they spend predominantly for the benefit of the employer.

34. Defendants' warehouses are massive. For example, their Rosemount and Willmar warehouses are both approximately 217,000 square feet.[2]

35. Due to the size of Defendants' warehouses and where they decided to place the timeclocks, it takes the Class Members several minutes to pass through inbound and outbound security and walk to and from the timeclocks each day.

36. Plaintiff estimates that he, like the Class Members, regularly spends approximately 7–10 minutes total per day going through inbound and outbound security and walking to and from the timeclocks. This unpaid time adds up significantly.

37. For example, for most of 2025, Plaintiff typically worked about 30

---

[2] ASPHALTPRO, <u>Bituminous Roadways Wins with Technology Build for FedEx in Minnesota</u>, https://theasphaltpro.com/articles/bituminous-roadways-wins-with-technology-build-for-fedex-in-minnesota/ (last visited May 05, 2025) (describing the Rosemount location); KANDIYOHI CTY. ECON. DEV., <u>FedEx, Industrial Park,</u> https://kandiyohi.com/project-highlights/fedex-industrial-park/ (last visited May 05, 2025).

hours on the clock per week but was not paid for approximately 28–40 minutes spent going through security screenings and walking to and from the timeclocks before and after each paid shift. This time, which should have been paid as additional straight time, collectively amounts to approximately one full week of unpaid work per year.

38. Plaintiff and the Class Members incurred this unpaid straight time because of Defendants' placement of timeclocks deep within their large warehouses instead of near the main entrances or at least before the security screening areas.

39. Due to their common security screening and walking time practices, Defendants have retained hundreds of thousands of dollars in unpaid wages owed to Plaintiff and the Class Members during the period of the claim.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this claim on behalf of himself and all other similarly situated individuals (the "Class Members"). The Class is defined as:

> All current and former employees of Defendants who were employed as hourly, non-exempt workers at Defendants' Minnesota warehouses at any time from December 10, 2022 through the date of final judgment in this matter.

41. Class certification for the Minnesota law claims is appropriate under Rule 23 of the Federal Rules of Civil Procedure.

42. The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, Defendants employed thousands of workers in Minnesota during the period of the claim.

43. There are questions of law and fact common to the Class, including whether Defendants unlawfully failed to pay Class Members for their walking and security screening time in violation of Minnesota law.

44. Plaintiff's claims are typical of those of the Class Members. They encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiff's claims are based on the same legal theories as the claims of the putative Class Members.

45. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are not antagonistic to those of the Class Members', and he has hired counsel skilled in the prosecution of class actions.

46. Common questions of law and fact predominate over questions affecting only individuals. See Alfonso v. FedEx Ground Package Sys., Inc., No. 3:21-CV-01644-SVN, 2024 WL 1007220, at *14 (D. Conn. Mar. 8, 2024) ("Plaintiffs'

claims present common legal questions as to the compensability of security and walking time. The evidence submitted by both parties in connection with their motion for class certification demonstrates the existence of a common policy that subjected all individuals included in the class definition to security screenings upon entry to and exit from a facility.").

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action is the superior method of adjudication because it presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each Class Member, and maximizes recovery to them.

## CAUSES OF ACTION

## COUNT I:

## FAILURE TO PAY WAGES

**MINNESOTA PAYMENT OF WAGES ACT—MINN. STAT. § 181.01, et seq.**

48. Plaintiff incorporates the allegations set forth in each of the preceding and subsequent paragraphs as if set forth herein and throughout.

49. The MPWA entitles employees to payment of all wages earned. Minn. Stat. § 181.101 (providing "a substantive right for employees to the

payment of wages, including salary, earnings and gratuities, as well as commissions, in addition to the right to be paid at certain times"); Minn. Stat. § 181.171 (providing a private cause of action for unpaid wages); Minn. R. 5200.0120, subp. 1 (defining "hours worked" to include time on the premises or involved in the performance of duties).

50. Defendants violated the MPWA because they failed to pay Plaintiff and the Class Members for the time Defendants required them to be on the premises of the employer and involved in the performance of duties in connection with their employment before and after their paid shifts, walking and undergoing security screenings. This time constitutes "wages earned" under the MPWA.

51. Defendants' actions were willful and not the result of mistake or inadvertence. See Minn. Stat. § 541.07(5). Defendants have been sued repeatedly by hourly workers asserting that time spent undergoing mandatory security screenings and walking on-premises is compensable. See, e.g., Alfonso, 2024 WL 1007220; Cuadra v. FedEx Ground Package System, Inc., 3:20-CV-02089-RS, ECF No. 1-1, ¶¶ 11, 29–35 (N.D. Cal. Mar. 25, 2020); Minton v. FedEx Ground Package System, Inc., Case No. 1:24-cv-01224-SAG, ECF No. 1, ¶¶ 38–43 (D. Md. Apr. 25,

2024). At least one court has held that Defendants' workers stated valid claims for security screening time under similar laws. See, e.g., Farrell, 478 F. Supp. 3d 536, 543–45.

52. Despite this litigation history, Defendants have not modified their pay practices.

53. Accordingly, Defendants are liable to Plaintiff and the Class Members for unpaid back straight time wages, liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other similarly situated persons, prays that the Court:

A. certify this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. certify Plaintiff's proposed Class and appoint Plaintiff and his counsel to represent those other similarly situated individuals as Class Members;

C. issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated the applicable Minnesota wage laws;

D. hold Defendants jointly and severally liable for the foregoing violations to Plaintiff and the Class Members;

E. order injunctive relief that Defendants must immediately comply with the applicable wage laws;

F. award Plaintiff and the Class Members compensatory damages and an equal amount in liquidated damages as provided under the law;

G. award Plaintiff and the Class Members their attorneys' fees and costs, as provided for by applicable law;

H. award Plaintiff and the Class Members pre- and post-judgment interest, as provided for by applicable law;

I. order any and all other relief available in law and equity, as the Court deems just and proper.

*Plaintiff demands a jury trial.*

Dated: December 10, 2025　　　　　　　　　**HALUNEN LAW**

/s/ Joshua Newville
Joshua A. Newville, MN #395221
Paul M. Schinner, MN #505108
80 S 8th St, 1650 IDS Center
Minneapolis, Minnesota  55402
Telephone: 612-605-4098
newville@halunenlaw.com
schinner@halunenlaw.com

**HAYBER, MCKENNA & DINSMORE**

Thomas J. Durkin*
750 Main St., Suite 904
Hartford, Connecticut  06103
Telephone: 860-522-8888
tdurkin@hayberlawfirm.com
*pro hac vice application forthcoming*

***Attorneys for Plaintiff***